```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    NOT FOR PUBLICATION
NOHA SHEHABELDIN,

                    Plaintiff,                              MEMORANDUM
                                                            AND ORDER
        -against-                                           11-CV-5853 (CBA)

GSI (Ground Service International);
JENNIFER I. FRETTING and MIKE,

                    Defendants.
------------------------------------------------------------X
AMON, Chief United States District Judge:
```

On November 29, 2011, plaintiff Noha Shehabeldin, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 2000e-3 against her former employer, Ground Service International (GSI), and two individuals employed at GSI. Plaintiff seeks $50,000 in damages. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this order. The complaint is dismissed as set forth below.

### Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## Background

This is plaintiff's third action in recent months. On October 16, 2011, plaintiff sued the judge who presided over her criminal court proceeding. That case was dismissed because the defendants were immune from suit. See Shehabeldin v. Wilson, No. 11 CV 4919 (CBA), DE #3 (E.D.N.Y. Oct. 19, 2011). On October 24, 2011, plaintiff sued the United States Postal Inspection Service for denying her security clearance application. That case was dismissed for failure to state a claim. See Shehabeldin v. United States Postal Inspection Service, No. 11 CV 5215 (CBA), DE #3 (E.D.N.Y. Nov. 23, 2011).

The instant complaint consists of a brief summary of the facts and a demand for relief, Compl. exh. A; plaintiff's New York Criminal Court disposition, Compl. exh. B; a receipt of request for a hearing from the New York State Department of Labor's Unemployment Insurance Division, Compl. exh. C; and a U.S. EEOC intake questionaire, Compl. exh. D. Plaintiff alleges that her former employer, GSI, and two individual GSI employees falsely alleged that she quit her position and that they contested her claim for unemployment benefits. Compl. at 2. Plaintiff claims that she was fired and is therefore eligible for unemployment. Id. All of this apparently arises out of a misunderstanding about whether plaintiff was at some point convicted of a misdemeanor or instead a lesser violation. Id.

## Discussion

I. Title VII Retaliation Claim

Plaintiff brings this action pursuant to Title VII's anti-retaliation statute, 42 U.S.C. § 2000e-3. This section provides that

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling

2

>  apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3.

"To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007). Plaintiff states no facts to suggest that she participated in a protected activity. Accordingly, plaintiff's Title VII retaliation complaint is dismissed without prejudice for failure to state a claim.

II. Title VII Race Discrimination Claim

To the extent plaintiff seeks to file an employment discrimination complaint against GSI, she has failed to allege facts to support a Title VII claim. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's EEOC intake form does list her national origin as "Egyptian Arabic," but nothing suggests that she was discriminated against on that basis. The complaint is therefore dismissed without prejudice for failure to state a claim.[1]

III. State Law Unemployment Benefits Claim

---

[1] Even if plaintiff's complaint did state a Title VII claim against GSI, she could not sustain a claim against the individual defendants. It is well-settled that "individuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000).

3

To the extent plaintiff seeks review of her unemployment benefits claim, there is no subject matter jurisdiction over this claim. A claim for state unemployment benefits is a matter of state law. See, e.g., Almanzar v. Zam Realty Management Co., LLC, No. 11 Civ. 1168 (DLC), 2011 WL 5865259, at *2 (S.D.N.Y. Nov. 21, 2011) (no subject matter jurisdiction over denial of state unemployment benefits). In any event, plaintiff's unemployment benefits application appears to be pending before the New York State Department of Labor. Plaintiff is advised to pursue her remedies before the New York State Department of Labor and in state court. Almanzar, 2011 WL 5865259 at *1 (outlining the procedures to be followed in contesting a denial of state unemployment benefits).

## Conclusion

For the reasons stated above, Plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
December 21, 2011